W. P. HENRITZE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97113.     Promulgated March 1, 1940.

*Theodore B. Benson, Esq.*, for the petitioner.
*Chester A. Gwinn, Esq.*, and *E. L. Corbin, Esq.*, for the respondent.

OPINION.

SMITH: This is a proceeding for the redetermination of deficiencies in income tax for 1935 and 1936 of $1,293.83 and $363.46, respectively. The petitioner has waived all allegations of error with respect to the determination of the deficiency for 1936. He has likewise waived all allegations of error with respect to the determination of the deficiency for 1935 except that "The respondent erroneously overstated the amount of rent received by the petitioner and he erroneously included the overstatement in income."

His allegation of facts relating to this issue is as follows:

The respondent included in income [for 1935] the sum of $9,375, being rent due the petitioner for the months of October, November and December of 1934, which was not actually paid to the petitioner's assignee in bankruptcy until February 11, 1935 but the lessee was at all times willing and ready to pay and the rent for the said months could have been demanded and was constructively received by the petitioner during the year 1934.

The facts have been stipulated by the parties as follows:

1. The petitioner is an individual and resides in Roanoke, Virginia. The tax in controversy is for the year 1935. An income tax return, on a cash receipts and disbursement basis, for said year was filed by the petitioner with the Collector of Internal Revenue at Richmond, Virginia.

2. The petitioner is and was at all times referred to herein the owner of a building in the City of Roanoke known as Roanoke Theater which was rented by him to the National Theater Company, a Virginia corporation.

3. On August 2, 1932, the petitioner was heavily indebted to Roanoke College and to other creditors and on that date he made an assignment for the benefit of creditors of all the rents to be received from the National Theater Company to one W. E. Mann, Bursar of Roanoke College, up to and including the rent for the month ending October 16, 1934.

4. On the expiration of the assignment to W. E. Mann, the petitioner was still financially involved and judgment creditors and other creditors made demand on the National Theater Company for the rent due the petitioner on the expiration of the said assignment.

5. On January 24, 1935, the petitioner, with the consent of his creditors, assigned to one John Strickler, the rent then due and owing by the National Theater Company for the month beginning October 16, November 16, and December 16, 1934, and January 16, 1935, at $3,125 a month, in the total amount of $12,500 which was paid by the Theater Company to the said Strickler February 12, 1935.

6. The National Theater Company was at all times financially able to pay the said monthly rental in advance on October 16, November 16, and December 16, 1934, and January 16, 1935.

7. All assignments of error are waived by the petitioner, except the alleged error set forth in the petition on page 2, paragraph 4 (a), the alleged facts concerning which are set forth on page 3, paragraph 5 (a) ; and this alleged error is claimed in the amount of $9,375, as set forth in the petition, rather than in the amount of $11,298.57 as shown in the notice of deficiency.

Both parties are agreed that the only question in issue is whether the $9,375 rent due for the months of October, November, and December, 1934, is includable in the petitioner's taxable income for 1935. The respondent has determined that they are. The petitioner claims that they were "constructively received" by him in 1934 and that therefore the respondent erred in including them in the taxable income for 1935.

Nothing is said in the Revenue Act of 1934 relative to the doctrine of constructive receipt. A taxpayer keeping his books of account and making his income tax returns on the basis of cash receipts and disbursements is required to include in gross income the cash received.

Income tax Regulations 86, promulgated under the provisions of the Revenue Act of 1934, provide in part as follows:

ART. 42–2. *Income not reduced to possession.*—Income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart, although not then actually reduced to possession. To constitute receipt in such a case the income must be credited or set apart to the taxpayer without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that it may be drawn at any time, and its receipt brought within his own ·control and disposition. A book entry, if made, should indicate an absolute transfer from one account to another. If a corporation contingently credits its employees with bonus · stock, but the stock is not available to such employees until some future date, the mere crediting on the books of the corporation does not constitute receipt.

Article 42–3 of Regulations 86 cites as examples of constructive receipt the following:

(1) Interest coupons not collected when due and payable, unless it can be shown that there are no funds available for payment of interest during the year in which it became due.

(2) Dividends on corporate stockholdings when unqualifiedly made subject to the demands of the stockholder.

(3) Interest on savings bank deposits, even though the bank nominally has a rule, seldom enforced, that it may require notice. before withdrawals are permitted.

As was stated by the Circuit Court of Appeals for the Third Circuit in *Foley* v. *Commissioner*, 94 Fed. (2d) 958:

* * * The test is the availability of the sum credited to the account of the taxpayer. If available, it is. taxable as income. *Eisner* v. *Macomber*, 252 U. S. 189, 207, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570; *Commissioner* v. *R. J. Darnell, Inc.*, 6 Cir., 60 F. 2d 82, 85; *Mutual Benefit Life Insurance Company* v. *Herold*, D. C., 198 F. 199, 215.

From the stipulated facts in this case it appears that, although the National Theater Co. was able and ready to pay the monthly rent in accordance with its lease, there were several claimants to whom the payments should be made. It was not until January 24, 1935, that the petitioner reached an agreement with the several creditors that the payment of the rents due on the 16th day of each month from October 1934 to January 1935 should be paid to John Strickler. They were paid to him by the lessee on February 12, 1935. By the agreement of January 24, 1935, Strickler was made the petitioner's agent for the receipt of the rents. The receipt by the petitioner's agent was receipt by the principal. *Julia A. Strauss*, 2 B. T. A. 598; *F. H. Wilson*, 12 B. T. A. 403; *A. W. Henn*, 20 B. T. A. 1133; *Margaret Wilson Baker*, 30 B. T. A. 188; affd., 81 Fed. (2d) 741; *Huntington National Bank, Trustee*, 32 B. T. A. 342; affd. (C. C. A., 6th Cir.), 90 Fed. (2d) 876; *Catherine La Brum et al., Executors*, 34 B. T. A. 258; affd. (C. C. A., 3d Cir.), 94 Fed. (2d) 958; certiorari denied, 305 U. S. 615.

Relative to the doctrine of constructive receipt, the clear import of the regulations of the Commissioner and decisions of the Board and of the courts is that if there is any limitation or restriction as to the time or manner of payment, or if the payment is subject to any condition, there is no constructive receipt of income until the limitations, restrictions, or conditions are removed. *Lyle H. Olson*, 24 B. T. A. 702; affd., 67 Fed. (2d) 726; certiorari denied, 292 U. S. 637; *Reginald Denny*, 33 B. T. A. 738; *C. E. Gullett*, 31 B. T. A. 1067.

A taxpayer on the receipts and disbursements basis is ordinarily required to include in gross income only the amount of cash or cash equivalent received by the taxpayer during the taxable year. In *Avery* v. *Commissioner*, 292 U. S. 210, the question was whether a stockholder of a corporation which had declared a dividend payable on or before December 31, 1924, was taxable upon the dividend in 1924 or in 1925. He did not receive his dividend check until January 2, 1925. The Supreme Court held that the amount of the dividend check constituted taxable income of 1925 and not of 1924.

In the proceeding at bar the National Theater Co. was indebted to the petitioner at the close of 1934 in the amount of $9,375 representing rents due for the months of October, November, and December, 1934. It did not, however, pay those amounts to the petitioner or to his agent until 1935. We think that the respondent correctly ruled that the $9,375 in question constituted taxable income of the petitioner for 1935.

*Decision will be entered under Rule 50.*